BAUMAN v. CHAS. A. KAUFMAN CO., LTD.

(March 10, 1930. Opinion and Decree.)
(April 7, 1930. Rehearing Refused.)
(June 2, 1930. Writ of Certiorari and Review Refused by Supreme Court.)

E. M. Stafford and Daniel Wendling, of New Orleans, attorneys for plaintiff, appellant.

Milner & Porteous and P. M. Milner, of New Orleans, attorneys for defendant, appellee.

JANVIER, J. Miss Bauman, who prior to the accident out of which this suit grows was a boarding house keeper, received injuries in the store operated by defendant and into which she had gone for the purpose of matching a piece of goods. She was told by one of the clerks near the entrance that the goods could not be matched, and she thereupon determined to pass through the store and go out by another exit on a side street. She alleges that, as she passed through one of the aisles, a small stand with certain silk goods draped on it fell off of one of the counters and struck her on the head causing her serious injuries.

Defendant contends that the stand would not have turned over, if in fact it did so at all, except for the fact that it was either pushed or knocked over by Miss Bauman herself, either in brushing against it or in attempting to examine the goods which were draped upon it.

The district judge rendered judgment in favor of defendant, stating in his reasons for judgment "there is not sufficient evidence to show that there was negligence on the part of defendant's employees and that it was caused by defendant's employees."

The record is very confusing and it is indeed difficult to determine from it just what occurred, but, from the testimony of plaintiff herself, we find it hard to believe that her injuries resulted from negligence on the part of defendant's employees. In a statement signed by Miss Bauman shortly after the accident, she declared that "the silk stand which was setting on some bolts of goods fell over and struck me." In her testimony, she attempted to create the impression, though she did not directly so charge, that one of defendant's employees had knocked the stand over upon her. It is very evident that she would have realized that if the employee had done as she stated in her testimony that fact would have been the strongest evidence in her favor, and yet she failed to allege any such act of negligence in her petition. All of the employees denied having been near the stand at the time it fell, and we feel that plaintiff's very uncertain, hesitating, contradictory testimony on this point is overwhelmingly disproved by the statements of the employees. In fact, on page four of her testimony, plaintiff makes two diametrically opposed statements, one immediately after the other, "This thing tipped over, they threw that thing over in some way."

While it has no bearing on the question of whether or not defendant was at fault, we cannot overlook the apparently absurd exaggeration by plaintiff of her injuries. The stand which struck her was very light. If her own allegations are true, the smaller end which struck her could not have fallen more than a few inches and yet she claims to have received permanent, serious injuries.

As we have stated, the evidence is to some extent conflicting, but we are well convinced that the cause of the accident was not negligence on the part of the employees of defendant. This appears to us to

be a case for the application of the doctrine that the finding of the district judge will not be reversed unless manifestly erroneous.

The judgment .appealed from is, therefore, affirmed.